**Lilla E. BINNEY, etc., et al., Plaintiff-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**Margaret J. LAVOY, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**Nos. 71-2829, 71-2830.**

United States Court of Appeals, Ninth Circuit.

May 23, 1972.

Robert E. Kopp (argued), Alan S. Rosenthal, L. Patrick Gray, III, Asst. Atty.

264

Gen., Washington, D. C., Sidney I. Lezak, U. S. Atty., Michael L. Morehouse, Asst. U. S. Atty., Portland, Or., for defendant-appellant.

Harold D. Gillis (argued), of Butler, Husk & Gleaves, Eugene, Or., Robert H. Fraser (argued), Joe B. Richards, of Luvaas, Cobb, Richards & Fraser, Eugene, Or., for plaintiffs-appellees.

Before JERTBERG, ELY, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

The Government appeals from judgments awarded against it in favor of the widows of two scuba divers who were killed during the course of dives made by the decedents to inspect the underwater portion of a dam owned and operated by the United States Army Corps of Engineers. The district court, 329 F.Supp. 351, predicated liability on the Oregon Employers Liability Act. (Ore.Rev.Stat. 654.305 et seq.)

■ The Government contends that the decedents were outside the protection of the Employers Liability Act because they were independent contractors and not employees of the Government. The district court's findings and conclusions upon the issue of the status of the decedents as employees or independent contractors are not free from ambiguity. We decline to construe the ambiguity against the judgments. There was ample evidence to sustain the conclusion that the decedents were employees within the meaning of the Act.

■ The Government challenges the findings from which the district court concluded that decedent Lavoy was not contributorily negligent. Although there was evidence from which the district court could have found that Lavoy was contributorily negligent, the court's findings to the contrary are not clearly erroneous.

■ The final argument is that the district court failed to deduct income taxes from so much of the awards as were attributable to the decedents' projected losses of earnings. The question whether or not income taxes shall be taken into account in awarding damages for loss of future earnings has not been decided in Oregon. The district court was aware that the awards were not themselves taxable and that the Government contended that allowance for income taxes should be made. We decline to reach this legal issue on this record. The awards were given in lump sums. Although it appears that both awards included damages in some amount for loss of earnings, we cannot say how much was thus attributed or the extent to which, if at all, the court subtracted income taxes from future earnings. The Government offered no evidence from which the district court could calculate or, indeed, estimate the amount of income taxes that the decedents would have had to pay out of their future earnings.[1]

The judgments are affirmed.

1. The Government suggested in argument that 20 percent of the projected future earnings should thus be allocated. The Government suggested no evidentiary or legal basis to justify that percentage.